## STRAUSS v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. June 7, 1926.)

No. 3695.

**1. Post office ⟝49.**

In prosecution under Criminal Code, § 215 (Comp. St. § 10385), for use of mails in furtherance of scheme to defraud by use of false property statement, evidence of use, independent of mails, *held* competent to show state of mind, purpose, and intent.

**2. Post office ⟝50.**

In prosecution under Criminal Code, § 215 (Comp. St. § 10385), instruction that defendant was presumed to know contents of financial statement used *held* not erroneous, as statement that he was presumed to know that statement was false.

**3. Criminal law ⟝844(1), 845.**

Exception to giving or refusal of instruction should point out supposed error.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Gustave C. Strauss was convicted of using mails in furtherance of scheme to defraud, and he brings error. Affirmed.

Benjamin C. Bachrach, of Chicago, Ill., for plaintiff in error.

Jacob I. Grossman, of Chicago, Ill., for the United States.

Before EVANS, PAGE, and ANDERSON, Circuit Judges.

PAGE, Circuit Judge. Plaintiff in error (defendant) was convicted under a charge of violating section 215 of the Criminal Code (Compiled Stats. § 10385).

[1] Defendant made a false and fraudulent property statement, used in several banks in Chicago and in two banks in New York. The statement to one of the New York banks was sent through the mail. Evidence of the use of that statement in the Chicago banks was admitted, though the mails were not used in

connection therewith. The scheme proven was the use of the false and fraudulent statement to procure money from the banks. It was false and fraudulent in itself, independent of the use of the mails, which constituted the offense under section 215. The evidence was clearly competent to show the state of mind, purpose, and intent of the defendant.

[2] It is urged that the instruction, "You are instructed that the defendant is presumed to have known the contents of the financial statement," was erroneous. That correctly states the legal presumption. The urge that it, in effect, told the jury that defendant was presumed to know that the statement was false, is without merit, especially in view of the very full instructions, which told the jury that they must find from the evidence, beyond a reasonable doubt, that defendant knew the statement was false.

[3] It is also urged that the instruction, upon the purpose of admitting the evidence touching the use of the statement in the Chicago banks, was erroneous. There was no error in the instruction, nor was there any error in refusing defendant's requested instruction on that point. It is not the proper practice to merely except, as counsel did in the trial court, to the giving of, or the refusal to give, an instruction; the supposed error should be clearly pointed out to the court.

On the whole record, we find no cause for reversal. The judgment is affirmed.